98 F.3d 1356
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John J. BUCKSHAW, d/b/a Buckshaw & Associates, Plaintiff-Appellant,
v.
The ATTORNEY GENERAL OF the UNITED STATES of America;
Marcus Corporation; FCC; Postmaster General; Brandt,
Milnes, Rea & Wise, P.C.; North Highland Office Associates;
and West Point Real Estate, Defendants-Appellees.
 No. 96-1462.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 John J. Buckshaw submits a document entitled "Emergency Immediate Motion for Leave to Consolidate the Appeal from the Order Entered at 96 MC:113 in the United States District Court for the Southern District of Ohio with the Appeal Herein Pending." The court treats Buckshaw's submission as a motion for the court to review the interlocutory order in connection with his pending appeal. The court questions, sua sponte, whether Buckshaw's appeal from the United States District Court for the Western District of Pennsylvania should be dismissed for lack of jurisdiction.
 
 
 2
 Buckshaw's Pennsylvania case was dismissed as frivolous on June 11, 1996. On July 22, 1996, Buckshaw filed a notice of appeal with this court, which stated that the order denied "replevin of the plaintiff's office space which was converted and trovered unfairly." The district court's docket sheet indicates that no money damages were requested. On August 14, 1996, Buckshaw submitted the present motion, requesting that the court review an interlocutory order issued by the Ohio district court.
 
 
 3
 This court's jurisdiction is set forth in 28 U.S.C. § 1295. Because this "replevin and unfair competition" case does not fall within the category of cases reviewable by this court, this court is without jurisdiction over the Pennsylvania case. Further, with exceptions not applicable here, this court has no jurisdiction to review an interlocutory order. 28 U.S.C. §§ 1292, 1295.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Buckshaw's appeal is dismissed.
 
 
 6
 (2) Buckshaw's motion for the court to review the Ohio interlocutory order is denied.
 
 
 7
 (3) Each side shall bear its own costs.